■ In the Matter of SKYVIEW ACRES COOPERATIVE, INC., Petitioner, v PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK et al., Respondents. (Proceeding No. 1.) In the Matter of the TOWN OF CLARKSTOWN, Petitioner, v NEW YORK STATE PUBLIC SERVICE COMMISSION et al., Respondents. (Proceeding No. 2.)—Proceedings pursuant to Public Service Law § 128 to review an order of the Public Service Commission of the State of New York dated November 15, 1989, which (1) denied an application for a rehearing of its determination dated July 20, 1989, which granted the respondent Columbia Gas Transmission Corporation a certificate of environmental compatibility and public need to construct, *inter alia,* a fuel gas transmission line within Rockland County and (2) adhered to its original determination except to the extent that it eliminated the necessity of compliance with a Town of Ramapo zoning setback requirement.

Adjudged that the petitions are granted, on the law, without costs, or disbursements, to the extent that the provision of the determination which approved the routing of the proposed pipeline is annulled; the determination is otherwise confirmed, and the proceedings are otherwise dismissed.

The respondent Columbia Gas Transmission Corporation (hereinafter Columbia) is a West Virginia corporation engaged in the interstate transmission and sale of natural gas via interstate gas pipelines. Interstate gas pipelines are within the jurisdiction of the Federal Energy Regulatory Commission (hereinafter FERC) pursuant to the Natural Gas Act *(see,* 15 USC §§ 717-717z) and the Natural Gas Pipeline Safety Act *(see,* 49 USC §§ 1671-1687; *see also, Schneidewind v ANR Pipeline Co.,* 485 US 293).

In May of 1987 (after having withdrawn a prior related application) Columbia applied for FERC approval to construct a 24-inch-diameter pipeline which would extend for approximately six miles within Rockland County. This line will

connect with the pipeline of a second interstate carrier at its western terminus and will terminate at its eastern end at a metering and regulating facility to be constructed on land owned by the local utility company, Orange and Rockland Utilities (hereinafter O & R) at a site on Buena Vista Road in the Town of Clarkstown.

In addition to its FERC application, Columbia submitted an application for a certificate of environmental compatibility and public need to the New York State Public Service Commission (hereinafter PSC) pursuant to article 7 of the Public Service Law. The PSC ordered a public hearing on Columbia's application which extended over several months during which technical and environmental evidence was presented concerning the need for the pipeline and its most environmentally advantageous placement. On July 27, 1988, however, during the course of the PSC hearings, the FERC issued its order and certificate of public convenience and necessity, authorizing, *inter alia,* the construction of the proposed pipeline along a Federally approved route, subject only to "minor filed realignments per landowner needs and requirements" which could modify the Federally approved route to a limited degree and as long as the modified route did not increase environmental impacts upon regulated wetlands and publicly owned lands.

Although the Federal regulatory process had ended, the PSC hearings continued. Columbia moved to terminate the PSC proceedings on the ground that the FERC's determination was final and that the jurisdiction of the FERC over the pipeline was exclusive. The Administrative Law Judge presiding at the hearings denied that motion. The denial was upheld by the PSC, which determined that certain matters, including assessment of environmental impacts, remained within the jurisdiction of the PSC. The hearings continued until January of 1989.

In his decision of April 25, 1989, the Administrative Law Judge approved a pipeline route which was identical to the route approved by the FERC except as to one stretch of approximately 2,800 feet across land owned by intervenor Hilda Striker. Columbia proposed and the FERC approved Route Segment 13D, which would run along the borders of the Striker parcel. As proposed by the petitioner Skyview Acres Cooperative, Inc. (hereinafter Skyview), which abuts Striker's northern property line along which Route 13D runs, the Administrative Law Judge recommended the approval of a more southerly routing, known as Segment 13E, which he recommended as environmentally superior. The PSC, however,

rejected this recommendation upon its assessment of the relevant environmental evidence and approved the use of Route Segment 13D, thereby certifying the identical route approved by the FERC. Skyview commenced the first proceeding challenging, *inter alia,* the PSC's approval of Route 13D on a variety of grounds.

The second proceeding before this court is brought by the Town of Clarkstown regarding the siting of the pipeline's terminal metering and regulating facility (hereinafter M&R facility) on a site owned by O & R on Buena Vista Road, within the town's borders. The FERC had approved a pipeline routing to this site in the Federal proceedings to which the town was not a party. Although there was evidence suggesting that an alternate site, located to the west in the Town of Ramapo, might have been environmentally superior, the Administrative Law Judge recommended and the PSC approved the siting of the M&R facility at the Buena Vista Road site as approved by the FERC. At this site the facility would be at the eastern end of Columbia's pipeline and it would meter and regulate the pressure of gas sold to O & R into its existing intrastate pipeline which runs through that property. Additionally, pursuant to Public Service Law § 126 (1) (f), the PSC waived compliance with applicable provisions of the zoning ordinance of the Town of Clarkstown, which would not have permitted construction of the M&R facility at the Buena Vista Road site. Thus Clarkstown challenges this portion of the PSC's determination.

It is well settled that the regulation of interstate gas pipelines is a matter within the exclusive jurisdiction of the FERC *(see, e.g., Schneidewind v ANR Pipeline Co.,* 485 US 293, *supra).* The Federal preemption of State regulations of such pipelines, however, also extends to State assessment of environmental matters *(National Fuel Gas Supply Corp. v Public Serv. Commn.,* 894 F2d 571, *cert denied* — US —, 111 L Ed 2d 750). Indeed, the FERC undertakes its own environmental analysis pursuant to the requirements of the National Environmental Policy Act *(see,* 42 USC § 4321 *et seq.; see also, Public Utils. Commn. v Federal Energy Regulatory Commn.,* 900 F2d 269). That environmental assessment, which the FERC considers in reaching its ultimate routing determination, is not subject to modification by the PSC, which may intervene in Federal proceedings along with other interested parties. In the instant proceedings the PSC did intervene and it further approved a route which was identical to that approved by the FERC. Although its determination was thus

consistent with that of the FERC, the PSC's authority had been preempted and thus its determination must nevertheless be vacated and annulled to the extent that it purported to approve the route of an interstate gas pipeline.

Furthermore, although the FERC's certificate of public convenience and necessity did envision minor route realignments, such realignments were to be determined "per landowner needs and requirements". We construe this to mean that landowners on whose property the pipeline would be constructed could obtain minor routing modifications across their property without jeopardizing FERC approval. This modification clause was not meant to invite realignments suggested by the PSC based upon its environmental assessment. The FERC's jurisdiction in this regard is exclusive. For the same reason the PSC had no authority to apply or waive the setback requirements of the zoning ordinance of the Town of Ramapo which, in any event was inapplicable to this underground pipeline.

The only matter raised in these proceedings over which the PSC did retain jurisdiction concerns its waiver of pertinent portions of the zoning ordinance of the Town of Clarkstown. Pursuant to Public Service Law § 126 (1) (f), the PSC possesses the authority to waive compliance with local laws "which would be otherwise applicable if it finds that as applied to the proposed facility such [local laws are] unreasonably restrictive in view of existing technology, or of factors of cost or economics, or of the needs of consumers whether located inside or outside of such municipality." Pursuant to the town's interpretation of the zoning ordinance, the M&R facility simply could not be built at the Federally approved terminus of the pipeline at Buena Vista Road. Both Skyview and Clarkstown argue that the zoning provisions are not unreasonably restrictive since alternate sites exist for the location of the M&R facility. Such relocation, however, would occur only at great expense to O & R and it would delay the completion of the project. Moreover, any relocation of the M&R facility would conflict with the FERC's determination. While the FERC does not have jurisdiction over this local distribution facility per se (see, 15 USC § 717 [b]), to the extent that this facility must be located at the terminus of a pipeline sited by FERC, the location is solely within the jurisdiction of FERC (see, Power Commn. v East Ohio Gas Co., 338 US 464). Accordingly, the PSC was without authority to relocate this terminal facility, as any relocation to an alternate site would have conflicted with the exclusive jurisdiction of the FERC over the pipeline

itself. As there could be no relocation, and as the Clarkstown zoning ordinance, as interpreted by the town's zoning consultant, simply would not allow for the construction of this facility at the Federally approved site, we agree with the PSC's determination insofar as it waived compliance with the relevant portions of Clarkstown's zoning ordinance, which were clearly being applied in an unreasonably restrictive manner. Accordingly, to this extent the PSC's determination is confirmed. Kunzeman, J. P., Kooper, Sullivan and O'Brien, JJ., concur.